**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

COBB COUNTY, GEORGIA, and  )
GWINNETT COUNTY, GEORGIA  )
                                               )      CIVIL ACTION FILE NO.:
           Plaintiffs,     )
                                               )
v.                                      )
                                             )
BROADVOX, LLC,         )      JURY TRIAL DEMANDED
                                             )
          Defendant.     )
_____ )

## COMPLAINT

COME NOW COBB COUNTY, GEORGIA, and GWINNETT COUNTY, GEORGIA ("Plaintiffs") and file this action on behalf of themselves and their Emergency 911 Systems, alleging as follows:

## INTRODUCTION

1.

This is an action for an accounting, injunctive relief and to recover all damages, and other remedies on behalf of Cobb County, Georgia ("Cobb County") and Gwinnett County, Georgia ("Gwinnett County") and their Emergency 911 Systems (or "E911 System") arising out of the Defendant's failure to properly assess and pay 911 charges to Plaintiffs as required by Georgia law. As further set

forth herein, the Emergency 911 Systems are entitled to recover the funds which Defendant telephone company has failed to collect and remit to Plaintiffs for the operations of their Emergency 911 Systems.

## PARTIES, JURISDICTION AND VENUE

2.

Plaintiff Cobb County is a political subdivision of the State of Georgia. The Cobb County E911 Emergency Communications Bureau is a multi-jurisdictional, consolidated Public Safety Answering Point ("PSAP") and dispatch center. The center receives calls for emergency services, non-emergency assistance, and information via telephone from all areas of unincorporated Cobb County, the City of Marietta, and the City of Powder Springs by way of the 911 emergency phone number and on the administrative phone numbers. The Bureau provides dispatch services for the Cobb County Police Department, the Cobb County Sheriff's Office, the Marietta Police Department, the Powder Springs Police Department, the Cobb County Fire Department, and the Marietta Fire Department. The Bureau is also responsible for the operations and maintenance of the 800 MHz radio system. Cobb County voluntarily submits itself to the jurisdiction of this Court.

3.

Plaintiff Gwinnett County is a political subdivision of the State of Georgia. The Gwinnett County E911 Emergency Communications Center is a multi-jurisdictional, Public Safety Answering Point ("PSAP") and dispatch center. The Center receives calls for emergency services, non-emergency assistance, and information via telephone from all areas of incorporated and unincorporated Gwinnett County, by way of the 911 emergency phone number and on the administrative phone numbers. The Center provides dispatch services for the Gwinnett County Police Department, the Gwinnett County Sheriff's Office, the Gwinnett County Department of Fire and Emergency Services, and the City of Lilburn Police Department. Gwinnett County voluntarily submits itself to the jurisdiction of this Court.

4.

Defendant Broadvox, LLC (hereinafter "Broadvox"), is a limited liability corporation with its principal place of business in the State of Ohio, licensed to do business in the State of Georgia. Defendant is engaged in the business of providing telephone services to residents and businesses. Defendant is subject to the jurisdiction of this Court because it is registered to do business in this District and does transact business within this District. Defendant Broadvox, may be properly

served via its registered agent, Incorp Services, Inc., at 2000 Riveredge Parkway, NW, Suite 885, Atlanta, Georgia, 30328.

5.

This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332, because the matter in controversy exceeds $75,000.00 in value exclusive of interest and costs, and there is complete diversity of citizenship between Plaintiffs and Defendant.

6.

Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia since a substantial part of the events or omissions giving rise to the claims occurred within this District.

## COMPLAINT OVERVIEW

7.

This action is brought exclusively under the common law and statutes of the State of Georgia. No federal claims are asserted in this Complaint, and to the extent that any allegation set forth herein may be construed to have stated a claim under federal law, the same is expressly denied and disclaimed by Plaintiffs.

8.

The allegations and claims set forth herein are brought solely by and on behalf of Plaintiffs operating their Emergency 911 Systems.

## FACTUAL ALLEGATIONS

9.

Georgia and other states have enacted laws providing for the creation of Emergency 911 Systems, in order to establish local emergency telephone service commonly referred to as "911 Service." These Emergency 911 Systems have been established by the governing authorities of Georgia counties or municipalities, which operate or contract for the operation of these E911 Systems. Georgia law provides for the funding of these E911 Systems by assessing a charge on exchange access lines and lines that allow for voice over internet protocol (VoIP) telephone service.

10.

At all times relevant to this action, Plaintiffs charged valid 911 fees.

11.

Plaintiffs operate extensive facilities staffed by trained personnel 24 hours a day, 7 days a week, who receive 911 telephone calls and transmit emergency information to the proper authorities.

12.

Plaintiffs rely on 911 charges to provide their emergency, often life-saving, services.

13.

The Defendant is a telephone service supplier within Cobb and Gwinnett counties and in other states.

14.

Applicable law, O.C.G.A. § 46-5-134 (the "E911 Statute"), requires telephone service suppliers, such as Defendant, to bill, collect, report and remit 911 charges for every telephone subscriber, excluding those persons or entities otherwise exempt from taxation.

15.

O.C.G.A. § 46-5-122(17) provides that when the same person, business, or organization has several telephone access lines, each exchange access facility shall constitute a separate subscription.

16.

O.C.G.A. § 46-5-134(d)(4) provides that the local government may on an annual basis, and at its expense, audit or cause to be audited the books and records of service suppliers with respect to the collection and remittance of 911 charges.

17.

Defendant, and/or persons or entities acting on its behalf, has failed to bill, collect, report, and remit 911 charges in accordance with the law.

**A.   Broadvox's Purposeful Under-Billing, Under-Collecting, and Underpayment of 911 Charges for Business Lines Provided by Multiplexed Circuits**

18.

Many of Broadvox's exchange access lines are provided through the use of a technology known as "multiplexing." Broadly speaking, multiplexing refers to a group of technologies that allow many different signals (e.g., multiple phone calls) to travel through one physical circuit simultaneously.

19.

Broadvox provides the majority of its multiplexed circuits to commercial customers. In particular, among other products, Broadvox offers these customers 23 or 24 exchange access lines, channels, or pathways through a single physical line known as a "T-1" line.[1]

_____

[1] The T-1 line provided by Broadvox typically uses a service level known as the "Primary Rate Interface" ("PRI"). For present purposes, what is most relevant is that PRI is a standard method of dividing the flow of information through a T-1 line; in particular, within the United States, this means that a single T-1 line will have 23 exchange access lines (also known as "channels" when referring to T-1 lines), along with 1 channel that cannot carry telephone conversations (i.e., it can

- 7 -

20.

Each of the 23 or 24 exchange access lines, channels, or pathways can be assigned one or more 10-digit telephone numbers. Thus, many more than 24 10-digit telephone numbers or "handsets" can be used to access 911 emergency services, and as many as 24 can be used to call 911 simultaneously.

21.

Broadvox is required to bill, collect, report, and remit to the local governments operating Emergency 911 systems 911 charges of up to $1.50 per month for every exchange access line, channel, or pathway. Pursuant to O.C.G.A. § 46-5-134(d)(1), these receipts, less a three-percent administrative fee, are to be remitted to the local governing authority each quarter.

22.

Broadvox does not meet its obligation to Cobb County or Gwinnett County. Instead, Broadvox bills, collects, and remits 911 charges on only a small fraction of the voice lines, pathways, or channels supplied through each multiplexed circuit.

23.

By not billing and collecting all the required 911 charges, Broadvox is able to provide telecommunication services at prices that are cheaper than its

---

be used only for signaling and control purposes). For users who have more than one PRI, the additional PRIs may provide 24 voice channels.

competitors, particularly to its business customers, and, thereby, gains a competitive advantage.

24.

Broadvox has known that Georgia law and the law of other states require it to bill, collect, report, and remit 911 charges for each voice line, pathway or channel that could be used to access 911 services.

25.

Broadvox owed a specific legal obligation, pursuant to O.C.G.A § 46-5-134, to bill, collect, report, and remit the correct amount of 911 charges to Plaintiffs and failed to do so.

26.

Prior to the filing of this action, Broadvox never informed the Plaintiffs' Emergency 911 Systems that it was not billing, collecting, and remitting 911 charges on the correct number of exchange access lines.

27.

The above-described practices deprive Plaintiffs' Emergency 911 Systems of critical financial resources.

**B.** **Broadvox's Failure to Bill, Collect, Report, and Remit 911 Charges for VoIP Users**

28.

Broadvox provides wired telephone service to users of voice over internet protocol (VoIP) technology.

29.

Broadvox is required to bill, collect, report, and remit a 911 charge for every 10-digit telephone number that it provides to users of VoIP technology.

30.

Broadvox has failed to fulfill this obligation by issuing 10-digit telephone numbers and providing wired-access to VoIP users without billing, collecting, or remitting 911 charges to the Cobb County or Gwinnett County Emergency 911 Systems.

31.

By not billing and collecting 911 charges from VoIP users, Broadvox is able to offer VoIP users lower cost service and has, thus, gained a competitive advantage over other telephone service providers who follow the law. Broadvox is also causing the Plaintiffs' Emergency 911 Systems to provide 911 services to VoIP users from whom no 911 charges are being billed or collected and is depriving the Cobb County and Gwinnett County Emergency 911 Systems of critical financial resources.

## DAMAGES[2]

32.

Upon information and belief, during the last three (3) years alone, Defendant Broadvox has failed to remit 911 fees owed to Cobb County in the approximate amount of $102,000.

33.

_____

[2] The damage figures set out below are based on data provided by the Federal Communications Commission ("FCC"), other telecom data sources and information in the possession of the Plaintiffs. Nevertheless, a large amount of data remains solely in the possession of the Defendant and will not be available to Plaintiffs until discovery commences. For example, Plaintiffs' research indicates that within the metropolitan Atlanta area roughly six million telephone numbers have been "ported" by customers from their former telecom provider to their current provider. Plaintiffs know each of these six million numbers and which provider currently manages each number. Essentially, the old carrier has "lost" the telephone number to the new carrier. Plaintiffs know which carriers had a net loss of telephone numbers over approximately the last six years and which carriers had a net gain of telephone numbers in that period. However, those metrics are not factored into this damage figure because the telecom environment is extremely fluid; telephone numbers managed in Gwinnett County can be used in Cobb County and numbers managed in Fulton County can be used by a customer in the City of Atlanta, to name simply two examples. Therefore, Plaintiffs will use their analysis of telephone number portability to refine the damage projections after discovery has clarified which numbers have a primary place of use in which jurisdictions.

Upon information and belief, during the last three (3) years alone, Defendant Broadvox has failed to remit 911 fees owed to Gwinnett County in the approximate amount of $38,000.

## COUNT I:
## PETITION FOR ACCOUNTING

34.

O.C.G.A. § 46-5-134(i) requires 911 service suppliers like Defendant to maintain books and records of the 911 charges they bill and collect for a period of at least three years from the date of collection.

35.

Pursuant to O.C.G.A. § 46-5-134(d)(4), Plaintiffs are entitled to conduct an annual audit of the books and records of 911 service suppliers like Defendant.

36.

Plaintiff Cobb County has undertaken to conduct an audit of the books and records of the Defendant.

37.

Defendant has failed or refused to provide the books and records necessary to conduct such an audit.

38.

Plaintiffs therefore request that this Court issue an order requiring Defendant to produce books and records sufficient for Plaintiffs to determine: (1) the number of Defendant's subscribers in Cobb County and Gwinnett County; and (2) the number and description of subscribers who have been excluded from paying 911 charges.

## COUNT II:
## RECOVERY FOR VIOLATIONS OF THE E911 STATUTE

### 39.

Plaintiffs hereby incorporate the allegations set forth in previous paragraphs of this Complaint as if fully set forth herein.

### 40.

The E911 Statute imposes upon Defendant a duty to bill, collect, report, and remit to Plaintiffs the 911 charges upon each voice line or pathway capable of reaching Cobb or Gwinnett County's 911 Centers that Defendant supplied to service users in Cobb County and Gwinnett County.

### 41.

Plaintiffs were intended beneficiaries within the protection of the E911 Statute. The 911 charges that the E911 Statute required Defendant to bill, collect, report, and remit to Plaintiffs provided the principal source of funding for Plaintiffs' provision of 911 services.

42.

In violation of the E911 Statute and in breach of its duty, Defendant did not bill, collect, report, and remit to Plaintiffs all 911 charges upon each voice line or pathway capable of reaching Cobb or Gwinnett County's 911 Centers that Defendant supplied to service users in Cobb County and Gwinnett County.

43.

Plaintiffs have a right of action under the E911 Statute to recover from Defendant all 911 charges that Defendant was required to bill, collect, report, and remit to Plaintiffs. The Georgia General Assembly intended for Plaintiffs to have this right of action.

44.

The existence of a right of action under the E911 Statute is consistent with the E911 Statute's underlying purpose of providing a means for delivery of 911 services to the public. If the E911 Statute cannot be enforced by E911 providers, such as Plaintiffs, against service suppliers, such as Defendant, who purposefully or negligently fail to fulfill their obligations under the E911 Statute, no means would exist to ensure the funding of 911 services as intended by the Legislature.

45.

Defendant's violation of the E911 Statute proximately caused Plaintiffs to suffer significant injury, including the loss of significant operational funds to which they were and are entitled.

47.

For these reasons, Plaintiffs pray that the Court enter judgment against Defendant in Plaintiffs' favor, and award compensatory damages, punitive damages, costs, and any other relief to which Plaintiffs may be entitled.

## COUNT III:
## BREACH OF STATUTORY DUTIES

47.

Plaintiffs hereby incorporate the allegations set forth in all previous paragraphs of this Complaint.

48.

Plaintiffs bring this action to recover damages for Defendant's breach of legal duties owed by virtue of the requirements of O.C.G.A. § 46-5-134 and by virtue of O.C.G.A. §§ 51-1-6 and 51-1-8.

49.

Defendant violated its legal duties and obligations to Plaintiffs Cobb County and Gwinnett County by failing to bill, collect, report and remit 911 charges for every telephone subscriber as required by O.C.G.A. § 46-5-134.

50.

Defendant's respective violations of the E911 Statutes and Georgia legal duties proximately caused substantial damage to the Plaintiffs, which they are entitled to recover.

51.

For these reasons, Plaintiffs pray that the Court enter judgment against Defendant in their favor and award them compensatory and punitive damages in amounts to be determined by the jury, plus interests and costs, and any other relief to which Plaintiffs may be entitled.

**COUNT IV:**
**BREACH OF FIDUCIARY DUTY**

52.

Plaintiffs hereby incorporate the allegations set forth in all previous paragraphs of this Complaint.

53.

During all relevant times, Defendant was under a fiduciary duty to bill, collect, and report to Plaintiffs the 911 charges upon each voice line or pathway capable of reaching Plaintiffs' 911 Centers supplied by Defendant to service users in Cobb County and Gwinnett County. Defendant was further obligated by its fiduciary duty to remit to Plaintiffs those 911 charges, less an administrative fee. These fiduciary duties were imposed upon Defendant by the E911 Statute and common law and derive from the special and confidential relationship between Plaintiffs and Defendant.

54.

The fiduciary relationship between the parties gave rise to a duty of care on the part of Defendant to Plaintiffs whereby Defendant would act with utmost good faith, loyalty, and honesty toward Plaintiffs.

55.

The E911 Statute sets out a system to fund 911 emergency services that requires E911 providers, such as Plaintiffs, to rely upon telecommunications suppliers, such as Defendant, to act in good faith and with honesty in billing, collecting, and remitting to Plaintiffs the appropriate 911 charges.

56.

Plaintiffs have had to rely on Defendant to act in good faith and with honesty because Plaintiffs are not aware of the actual number of business or residential voice lines or pathways capable of reaching Plaintiffs' 911 Centers supplied by Defendant to service users in Cobb County and Gwinnett County or of the actual amount of 911 charges Plaintiffs should receive. Defendant has sole and exclusive control of that information.

57.

As the sole party possessing the information needed to determine the correct amount of 911 charges that should have been paid or transmitted to Plaintiffs, Defendant was in a dominant position in its relationship with Plaintiffs. As Defendant determined the amount of 911 charges received by Plaintiffs, and as those 911 charges made were the principal source of the Plaintiffs' Emergency 911 Systems' operating and capital funds, Defendant effectively exercised control over Plaintiffs' E911.

58.

In relying on Defendant to perform its statutory obligations, Plaintiffs trusted Defendant would act with utmost good faith, loyalty, and honesty toward Plaintiffs.

59.

Defendant knowingly breached its fiduciary duties to Plaintiffs and the standard of care by:

(a) concealing from Plaintiffs the actual number of voice lines or pathways capable of reaching Plaintiffs' 911 Centers supplied by Defendant to service users in Cobb County and Gwinnett County;

(b) concealing from Plaintiffs the correct amount of 911 charges owed to Plaintiffs;

(c) failing to bill, collect, report, and remit to Plaintiffs the full amount of 911 charges owed to Plaintiffs; and

(d) misleading Plaintiffs concerning the actual amount of 911 charges owed to Plaintiffs.

60.

Defendant's breach of its fiduciary duties and the standard of care injured Plaintiffs, proximately causing Plaintiffs to lose significant amounts of revenue needed to fund Plaintiffs' essential emergency services.

61.

For these reasons, Plaintiffs pray that the Court enter judgment against Defendant in their favor and award them compensatory and punitive damages in

amounts to be determined by the jury, plus interest and costs, and any other relief to which Plaintiffs may be entitled.

## COUNT V:
## FRAUDULENT MISREPRESENTATION

### 62.

Plaintiffs hereby incorporate the allegations set forth in all previous paragraphs of this Complaint.

### 63.

The E911 Statute imposes upon Defendant a duty to bill, collect, report, and remit to Plaintiffs the 911 Charges upon each voice line or pathway capable of reaching Plaintiffs' 911 Centers supplied by Defendant to service users in Cobb County and Gwinnett County.

### 64.

Defendant submitted to Plaintiffs Quarterly Reports that purported to accurately identify, during the time period of the reports, the number of business and residential voice lines or pathways capable of reaching Plaintiffs' 911 Centers that were supplied by Defendant to service users in Cobb County and Gwinnett County.

### 65.

Defendant's statements to Plaintiffs in its Quarterly Reports purported to express existing or past facts as to the actual number of voice lines or pathways capable of reaching Plaintiffs' 911 Centers supplied by Defendant to service users in Cobb County and Gwinnett County, and, correspondingly, the actual amount of 911 charges to be billed, collected, reported, and remitted to Plaintiffs under the E911 Statute.

66.

Defendant's statements to Plaintiffs in its Quarterly Reports were false at the time they were made, as Defendant omitted a significant number of voice lines or pathways capable of providing a pathway to Plaintiffs' 911 Centers and under-reported the amount of 911 charges owed to Plaintiffs under the E911 Statute.

67.

As the purpose of the statements in the Quarterly Reports was to communicate the basis for the emergency service charge payment due to Plaintiffs, Defendant's statements regarding the number of lines it supplied and the amount of 911 charges owed to Plaintiffs misrepresented material facts.

68.

Defendant knew its representations in its Quarterly Reports regarding the number of business and residential voice pathways capable of reaching Plaintiffs'

911 Centers and corresponding amount of 911 charges owed to Plaintiffs were false, because it knew it supplied more voice lines capable of providing a pathway to Plaintiffs' 911 services than it represented in the statements. Alternatively, Defendant's misrepresentations were made recklessly, as Defendant was capable of determining the correct number of such lines and was statutorily compelled to do so.

69.

Plaintiffs, having no knowledge that Defendant's representations identified above were not truthful, reasonably relied upon the misrepresentations and suffered damages as a proximate result, including loss of operating and capital funds to which they were statutorily entitled.

70.

For these reasons, Plaintiffs pray that the Court enter judgment in their favor awarding compensatory and punitive damages in amounts to be determined by the jury, plus costs, interests, and any other relief to which Plaintiffs may be entitled.

## COUNT VI:
## FRAUDULENT CONCEALMENT

71.

Plaintiffs hereby incorporate the allegations set forth in all previous paragraphs of this Complaint.

72.

Defendant owed a duty to Plaintiffs under the E911 Statute and common law to truthfully and accurately identify in its Quarterly Reports the number of voice lines or pathways capable of reaching Plaintiffs' 911 Centers that were supplied by Defendant to service users in Cobb County and Gwinnett County.

73.

Defendant submitted to Plaintiffs Quarterly Reports that purported to accurately identify, during the time period of the reports, the number of voice lines or pathways capable of reaching Plaintiffs' 911 Centers that were supplied by Defendant to service users in Cobb County and Gwinnett County.

74.

Defendant's statements to Plaintiffs in its Quarterly Reports purported to express existing or past facts as to the actual number of voice lines or pathways capable of reaching Plaintiffs' 911 Centers supplied by Defendant to service users in Cobb County and Gwinnett County, and, correspondingly, the actual amount of 911 charges to be remitted to Plaintiffs under the E911 Statute.

75.

Defendant's statements to Plaintiffs in its Quarterly Reports were false at the time they were made, as Defendant concealed the number of voice lines or pathways capable of reaching Plaintiffs' 911 Centers that were supplied by Defendant to service users in Cobb County and Gwinnett County, and thereby underreported the amount of 911 charges owed to Plaintiffs under the E911 Statute.

76.

Defendant owed a duty to Plaintiffs under the E911 Statute and common law to inform Plaintiffs that its statements in the Quarterly Reports did not truthfully or accurately identify the number of voice lines or pathways capable of reaching Plaintiffs' 911 Centers that were supplied by Defendant to service users in Cobb County and Gwinnett County.

77.

As the purpose of the statements in the Quarterly Reports was to communicate the basis for the emergency service charge payment to Plaintiffs, Defendant's Quarterly Reports concealed material facts which Defendant had a duty to disclose.

78.

Defendant intended to conceal that the actual number of business and residential voice pathways capable of reaching Plaintiffs' 911 Centers and amount of 911 charges to which Plaintiffs were entitled, as is evidenced, among other things, by its knowledge that it supplied more voice lines or pathways capable of reaching Plaintiffs' 911 Centers, than were reported in Defendant's Quarterly Reports. Alternatively, Defendant recklessly failed to disclose this information, as it was capable of determining the correct number of such lines and was statutorily compelled to do so.

79.

Plaintiffs, having no knowledge of Defendant's concealment of this information, reasonably relied upon the misrepresentations and suffered damages as a proximate result, including loss of operating and capital funds to which they were statutorily entitled.

80.

For these reasons, Plaintiffs pray that the Court enter judgment against Defendant in their favor awarding compensatory and punitive damages in amounts to be determined by the jury, plus costs, interests, and any other relief to which Plaintiffs may be entitled.

## COUNT VII:
## NEGLIGENT MISREPRESENTATION

81.

Plaintiffs hereby incorporate the allegations set forth in all previous paragraphs of this Complaint.

82.

In its Quarterly Reports, Defendant supplied false information to Plaintiffs purporting to identify, during the time period of the reports, the number of voice lines or pathways capable of reaching Plaintiffs' 911 Centers that were supplied by Defendant to service users in Cobb County and Gwinnett County.

83.

The information provided by Defendant misrepresented and concealed the actual number of business and residential voice lines or pathways capable of reaching Plaintiffs' 911 Centers that were supplied by Defendant to service users in Cobb County and Gwinnett County, and consequently, the amount of 911 charges due to Plaintiffs under the E911 Statute. Specifically Defendant's statements were false in that they omitted a significant number of voice lines or pathways capable of reaching Plaintiffs' 911 Centers that were supplied by Defendant to service users in Cobb County and Gwinnett County, and thus, under-reported the amount of 911 charges to which Plaintiffs were entitled under the E911 Statute.

84.

Despite its ability to do so, Defendant did not exercise reasonable care in communicating this false information or in making a determination as to whether the information it was communicating to Plaintiffs was truthful or accurate. Defendant failed to communicate to Plaintiffs that Defendant's reports did not truthfully or accurately identify the number of business and residential voice lines or pathways capable of reaching Plaintiffs' 911 Centers that were supplied by Defendant to service users in Cobb County and Gwinnett County.

85.

It was foreseeable to Defendant that Plaintiffs would rely on the false information that Defendant supplied to Plaintiffs in its Quarterly Reports, as Defendant had exclusive access to its customer records.

86.

Plaintiffs, having no knowledge that Defendant's representations identified above were untruthful, reasonably relied upon the misrepresentations and suffered damages as a proximate result, including loss of operating and capital funds to which they were statutorily entitled.

87.

For these reasons, Plaintiffs pray that the Court enter judgment in their favor awarding compensatory damages in an amount to be determined by the jury, plus costs, interests, and any other relief to which Plaintiffs may be entitled.

### COUNT VIII:
### NEGLIGENCE AND NEGLIGENCE *PER SE*

88.

Plaintiffs hereby incorporate the allegations set forth in all previous paragraphs of this Complaint.

89.

Defendant was under statutory and common law duties to submit to Plaintiffs payment of the proper amount of 911 charges. The E911 Statute imposed upon Defendant a statutory duty to bill, collect, report, and remit to Plaintiffs 911 charges for all voice lines or pathways capable of reaching Plaintiffs's 911 Centers that were supplied by Defendant to service users in Cobb County and Gwinnett County. Defendant was also under a statutory and common law duty to bill, collect, report, and remit to Plaintiffs the 911 charges in good faith and in accordance with the standards applicable to reasonable service suppliers.

90.

Defendant breached these duties by failing to exercise reasonable care to determine that it was properly billing and collecting for all voice lines or pathways

capable of reaching Plaintiffs' 911 Centers that were supplied by Defendant to service users in Cobb County and Gwinnett County. Defendant also breached these duties by failing to use reasonable care to ensure that the amounts remitted to Plaintiffs were the full and appropriate amounts for all voice lines or pathways capable of reaching Plaintiffs' 911 Centers that were supplied by Defendant to service users in Cobb County and Gwinnett County.

91.

Defendant's breaches of its duties to exercise reasonable care in the billing, collecting, and remitting of 911 charges actually and proximately caused injury to Plaintiffs, including loss of operating and capital funds to which Plaintiffs were statutorily entitled.

92.

Defendant's breach of the statutory duty imposed by the E911 Statute also constituted negligence *per se*. The E911 Statute imposed a duty on Defendant to bill, collect, report, and remit to Plaintiffs 911 charges on all voice lines or pathways capable of reaching Plaintiffs' 911 Centers that were supplied by Defendant to service users in Cobb County and Gwinnett County.

93.

Plaintiffs were within the class of persons the E911 Statute was designed to protect as they were an intended recipient of the 911 charges, and relied on payment of those charges to fund their essential, legislatively-authorized operations.

94.

Plaintiffs' injuries, including their failure to receive the funds to which it is entitled under the E911 Statute, are the precise injuries the E911 Statute was designed to prevent, and these injuries hinder and impair Plaintiffs' ability to provide 911 services in furtherance of the E911 Statute's stated purposes.

95.

Defendant's breaches of its statutory and common-law duties proximately caused injury to Plaintiffs, including loss of operating and capital funds to which Plaintiffs were statutorily entitled.

96.

For these reasons, Plaintiffs pray that the Court enter judgment against Defendant in their favor awarding compensatory damages in an amount to be determined by the jury, plus costs and interest.

**COUNT IX:**
**REQUEST FOR DECLARATORY JUDGMENT**

97.

Plaintiffs incorporate the allegations set forth in all previous paragraphs of this Complaint.

98.

An actual, present, and justiciable controversy has arisen and now exists between Plaintiffs and Defendant concerning Defendant's legal obligations under the E911 Statute to bill, collect, report, and remit to Plaintiffs payment of emergency 911 charges based on the number of voice lines or pathways capable of connecting to Plaintiffs' 911 Centers, including voice lines or pathways supplied by multiplex circuits, single business and residential circuits, and Defendant's conduct in discounting 911 charges to its subscribers to seek competitive advantage or for other reasons.

99.

Plaintiffs contend, and the Defendant disputes, that the E911 Statute has at all relevant times imposed upon Defendant the obligation to bill, collect and remit payment to Plaintiffs of 911 charges for all voice lines or pathways capable of reaching Plaintiffs' 911 Centers that were supplied by Defendant to service users in Cobb County and Gwinnett County, as set forth herein.

100.

A judicial declaration regarding these issues is necessary and appropriate so that Plaintiffs may ascertain and effectively enforce their rights to receive full and complete payment of 911 charges as authorized by the E911 Statute. For these reasons, Plaintiffs pray that the Court issue a declaratory judgment pursuant to O.C.G.A. § 9-4-2 expressly holding that the E911 Statute at all relevant times has imposed upon Defendant the obligation to bill, collect, report, and remit to Plaintiffs 911 charges for all voice lines or pathways capable of reaching Plaintiffs' 911 Centers that were supplied by Defendant to service users in Cobb County and Gwinnett County, and that Defendant may not forego collection of 911 charges or reduce 911 charges to gain competitive advantage or otherwise.

## COUNT X:
## REQUEST FOR PERMANENT INJUNCTION

### 101.

Plaintiffs hereby incorporate the allegations set forth in all previous paragraphs of this Complaint.

### 102.

Defendant is obligated by the E911 Statute and other applicable law to truthfully submit to Plaintiffs reports and complete records or statements of all voice lines or pathways capable of reaching Plaintiffs' 911 Centers that were

supplied by Defendant to service users in Cobb County and Gwinnett County and to remit to Plaintiffs for all such voice lines or pathways the full and appropriate amount of the 911 charges levied by Plaintiffs.

103.

Defendant's failure to meet its statutory obligations have and will continue to irreparably harm Plaintiffs, because Plaintiffs rely upon the 911 charges to provide funding for their vital operations.

104.

Defendant's failure to meet its statutory obligations have threatened, and will continue to threaten, the public safety.

105.

Plaintiffs do not have any other adequate legal remedy, as future enforcement of their rights under the E911 Statute would likely require Plaintiffs to file and litigate multiple actions.

106.

A permanent injunction, an equitable remedy, is warranted considering the balance of hardships between the parties. Defendant would suffer absolutely no legally cognizable harm from being required to meet its statutory obligations.

Conversely, Plaintiffs and the public would be manifestly and actually harmed by Defendant's failure to fulfill its statutory obligations.

107.

The public interest would be served by the issuance of a permanent injunction.

108.

For these reasons, Plaintiffs pray that the Court permanently enjoin Defendant from failing to bill, collect, truthfully report, and remit to Plaintiffs 911 charges for all voice lines or pathways capable of reaching Plaintiffs' 911 Centers that are supplied by Defendant to service users in Cobb County and Gwinnett County.

109.

This is Plaintiffs' first application for extraordinary relief.

**WHEREFORE**, Plaintiffs respectfully request that the Court grant the following relief:

(a) That proper process issue and be served upon Defendant requiring it to appear and answer this Complaint in the manner and within the time permitted by law;

(b) That along with its quarterly receipt remittances required by O.C.G.A. § 46-5-134, Defendant provide Plaintiffs Emergency 911 System a record of its accounts;

(c) That judgment enter against Defendant and in favor of Plaintiffs in the amount to be determined at trial, together with damages, punitive damages, and all pre- and post-judgment interest accruing under applicable law;

(d) That this Court enter a declaration that the E911 Statute imposes, and at all relevant times has imposed, upon Defendant the obligation to bill, collect, report, and remit to Plaintiffs 911 charges for all voice lines or pathways capable of reaching Plaintiffs' 911 Centers that were supplied by Defendant to service users in Cobb County and Gwinnett County;

(e) That this Court permanently enjoin Defendant from failing to fully and truthfully bill, collect, report, and remit to Plaintiffs 911 charges for each voice line or pathway capable of reaching Plaintiffs' 911 Centers that was supplied by Defendant to service users in Cobb County and Gwinnett County;

(f) That Plaintiffs be awarded its costs of this action, including its reasonable attorney fees;

(g) That a jury be impaneled to try all issues so triable by a jury; and

(h) That the Court award Plaintiffs such other general and special relief to which they may be entitled, as the Court deems appropriate, and as justice and equity may require.

Respectfully submitted this 16th day of December, 2015.

**HARRIS PENN LOWRY, LLP**

/s/ David J. Worley
JEFFREY R. HARRIS
Georgia Bar No. 330315
DARREN W. PENN
Georgia Bar No. 571322
DAVID J. WORLEY
Georgia Bar No. 776665
JAMES M. EVANGELISTA
Georgia Bar No. 707807

1201 Peachtree Street, NE
400 Colony Square, Suite 900
Atlanta, GA 30361
Telephone:  404-961-7650
Facsimile:  404-961-7651
david@hpllegal.com
jim@hpllegal.com
jeff@hpllegal.com
darren@hpllegal.com

**THE BARNES LAW GROUP, LLC**

/s/ Roy E. Barnes
ROY E. BARNES
Georgia Bar No. 039000

JOHN R. BEVIS
Georgia Bar No. 056110
W. MATTHEW WILSON
Georgia Bar No. 392385

31 Atlanta Street
Marietta, GA 30060
Telephone: 770-227-6375
Fax: 770-227-6373
roy@barneslawgroup.com
bevis@barneslawgroup.com
mwilson@barneslawgroup.com

*ATTORNEYS FOR PLAINTIFFS*